UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT DALE BOERNER, | ) | 1:12-cv—01192-BAM-HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION FOR |
| | ) | WRIT OF HABEAS CORPUS FOR FAILURE |
| | ) | TO EXHAUST STATE COURT REMEDIES |
| v. | ) | (DOC. 1) |
| | ) | |
| ATTORNEY GENERAL, | ) | ORDER DENYING PETITIONER'S MOTION |
| | ) | FOR APPOINTMENT OF COUNSEL (DOC. |
| Respondent. | ) | 1) AND DECLINING TO DETERMINE |
| | ) | PETITIONER'S COMPETENCE |

ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND DIRECTING THE CLERK TO CLOSE THE CASE

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on September 13, 2012 (doc.

1

7).  Pending before the Court is the petition, which was filed on July 16, 2012.

I.  Screening and Dismissal of the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)).  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for habeas corpus should not be dismissed without

leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971).

   II.   <u>Background</u>

   Petitioner challenges a conviction suffered in 2011 in the Kings County Superior Court which resulted in a four-year sentence.

   In the petition, Petitioner admits that although he filed an appeal in what is understood to be the Court of Appeal of the State of California, Fifth Appellate District (CCA), he did not seek further review by a higher state court. (Pet., doc. 1, 2.)

   Further, a search of the official website of the California Courts for any filing by Petitioner in the California Supreme Court reveals no data.[1]

   III.   <u>Exhaustion of State Court Remedies</u>

   A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1162-63 (9th Cir.

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, including undisputed information posted on official websites. Fed. R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th Cir. 1993); <u>Daniels-Hall v. National Education Association</u>, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. <u>White v Martel</u>, 601 F.3d 882, 885 (9th Cir. 2010), <u>cert. denied</u>, 131 S.Ct. 332 (2010).
   The address of the website is www.courts.ca.gov/courts/htm.

1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due

4

>     process of law guaranteed by the Fourteenth Amendment,
>     he must say so, not only in federal court, but in state
>     court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

>     Our rule is that a state prisoner has not "fairly
>     presented" (and thus exhausted) his federal claims
>     in state court unless he specifically indicated to
>     that court that those claims were based on federal law.
>     See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir.
>     2000). Since the Supreme Court's decision in Duncan,
>     this court has held that the petitioner must make the
>     federal basis of the claim explicit either by citing
>     federal law or the decisions of federal courts, even
>     if the federal basis is "self-evident," Gatlin v. Madding,
>     189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v.
>     Harless, 459 U.S. 4, 7... (1982)), or the underlying
>     claim would be decided under state law on the same
>     considerations that would control resolution of the claim
>     on federal grounds, see, e.g., Hiivala v. Wood, 195
>     F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon,
>     88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d
>     at 865.
>     ...
>     In Johnson, we explained that the petitioner must alert
>     the state court to the fact that the relevant claim is a
>     federal one without regard to how similar the state and
>     federal standards for reviewing the claim may be or how
>     obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims

5

has not been extended to petitions that contain no exhausted claims.  Raspberry, 448 F.3d at 1154.

Although non-exhaustion of remedies has been viewed as an affirmative defense, it is the petitioner's burden to prove that state judicial remedies were properly exhausted.  28 U.S.C. § 2254(b)(1)(A); Darr v. Burford, 339 U.S. 200, 218-19 (1950), overruled in part on other grounds in Fay v. Noia, 372 U.S. 391 (1963); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981). If available state court remedies have not been exhausted as to all claims, a district court must dismiss a petition.  Rose v. Lundy, 455 U.S. 509, 515-16 (1982).

Here, Petitioner admits that he did not exhaust state court remedies because he did not seek review of the CCA's affirmance of the judgment on appeal.  A search of the official website of the California Supreme Court reflects no information that would tend to show that Petitioner presented his claims to the California Supreme Court.

Therefore, it is concluded that Petitioner failed to meet his burden to establish exhaustion of state court remedies.

Because both Petitioner's admission and the state court's docket show that Petitioner failed to exhaust state court remedies, Petitioner could not remedy this defect even if leave to amend were granted.  Thus, the Court will dismiss the petition without leave to amend.

Accordingly, the petition will be dismissed without prejudice for failure to exhaust state court remedies.

IV.   Motion for Appointment of Counsel

Petitioner appears to request the appointment of counsel in

1  this proceeding.  (Pet., doc. 1, 5.)

2  There currently exists no absolute right to the appointment
3  of counsel in non-capital, federal habeas corpus proceedings.
4  McFarland v. Scott, 512 U.S. 849, 857 n.3 (1994); Miranda v.
5  Castro, 292 F.3d 1063, 1067 (9th Cir. 2002); Anderson v. Heinze,
6  258 F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958).
7  The Sixth Amendment right to counsel does not apply in habeas
8  corpus actions, which are civil in nature.  Chaney v. Lewis, 801
9  F.2d 1191, 1196 (9th Cir. 1986); Anderson, 258 F.2d at 481.

10  However, a Magistrate Judge may appoint counsel at any stage
11  of a habeas corpus proceeding if the interests of justice require
12  it.  18 U.S.C. § 3006A; Habeas Rule 8(c).  A district court
13  evaluates the likelihood of a petitioner's success on the merits
14  and the ability of a petitioner to articulate his claims pro se
15  in light of the complexity of the of the legal issues involved.
16  Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

17  A district court abuses its discretion in denying an
18  indigent's request for appointed counsel pursuant to 18 U.S.C.
19  § 3006A(g) if appointment of counsel is necessary to prevent due
20  process violations, such as when the case is so complex that due
21  process violations will occur absent the presence of counsel.
22  Bonin v. Vasquez, 999 F.2d 425, 428 (9th Cir. 1993) (citing
23  Chaney, 801 F.2d at 1196).

24  Here, Petitioner has failed to exhaust his state court
25  remedies.  Thus, the petition must be dismissed.  Therefore, the
26  issues of the likelihood of success on the merits of the case and
27  the nature and complexity of the case are essentially moot.
28  Therefore, Petitioner has not demonstrated that the complexity of

the case is such that absent counsel, Petitioner will suffer a denial of due process.

Further, Petitioner's conclusional allegations of incompetence, which are discussed below, do not support a conclusion that a failure to appoint counsel would result in a violation of due process of law.

Accordingly, the Court will deny Petitioner's motion for the appointment of counsel.

V. Allegations of Incompetence

Petitioner alleges that the conviction and some aspects of his failure to exhaust state court remedies were a result of his mental illness. (Pet. 3, 8, 12.) Petitioner alleges that at some point in the criminal proceedings, he entered a plea of guilty by reason of insanity; however, he ultimately entered a plea of no contest. (Id. at 2.) One doctor "of the courts" said his mental illness played a major role; a second court-appointed doctor was also in his favor. (Id. at 2, 8.) He further alleges that three professional doctors said in medical reports that his mental illness played a role in an incident with Sergeant "deathridge," who handled the situation unprofessionally by throwing Petitioner hard on the pavement over asking for his medications in a crisis or emergency. (Id. at 7, 9, 12.) Although Petitioner does not identify his commitment offense on the petition form, it appears that his offense was battery on a peace officer that was connected with a request that Petitioner made concerning medications. (Id. at 8-9, 11.) "A lot" of "shrinks doctors" recommended psychiatric treatment, which he has needed since 2010 but has not received at prison. (Id. at 10,

13.)  Petitioner alleges that he has a history of mental illness that extended his entire life, and he is mentally incompetent and mentally ill.  (Id. at 4, 11-12.)

With respect to Petitioner's competence to proceed as a party to this lawsuit, as a party proceeding pro se in a civil lawsuit, including a habeas corpus proceeding, Petitioner is entitled to a competence determination when substantial evidence of incompetence is presented.  Fed. R. Civ. P. 17(c); Rule 11 of the Rules Governing Habeas Corpus Cases in the United States District Courts; Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005).  When allegations constituting substantial evidence of incompetence are presented and are not rebutted, a district court is required to treat them as true in deciding whether to dismiss the petition.  Allen v. Calderon, 408 F.3d at 1153.  In Allen, the court noted that the petitioner had submitted evidence sufficient to support a finding that he suffered from a mental illness, the mental illness prevented him from being able to understand and respond to the court's order, and he was still suffering from the illness during the relevant time period.  Thus, there was sufficient evidence of incompetence at least to require the district court to make a competency determination before dismissing the case for lack of prosecution.

However, showing a history of serious mental illness is not enough by itself to constitute substantial evidence of incompetence requiring a court to conduct a competency hearing on that issue.  See, Travalini v. People of California, 2006 WL 842435, at *3 (E.D.Cal. March 28, 2006).

Here, Petitioner has not presented substantial evidence of

9

incompetence.  Petitioner has alleged conclusions that he is mentally ill and incompetent.  Although Petitioner alleges that mental illness played a role in his offense, Petitioner has not presented any facts concerning the nature and extent of his symptoms, the presence or absence of a diagnosis, or the receipt of any medication or other treatment.  Petitioner has alleged incompetence, but he has not presented evidence of incompetence.

Accordingly, the Court concludes that Petitioner is not entitled to a competence determination.

## VI. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right.  § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling.  Slack v. McDaniel,

529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong.  Id.  It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed.  Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, the Court will decline to issue a certificate of appealability.

VII.  Disposition

Accordingly, it is ORDERED that:

1)  The petition for writ of habeas corpus is DISMISSED without prejudice[2] for Petitioner's failure to exhaust state

---

[2] A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies by the prohibition on filing second habeas petitions set forth in 28 U.S.C. § 2244(b). See, In re Turner, 101 F.3d 1323 (9th Cir. 1996).  However, the Supreme Court has held as follows:

> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the

11

court remedies; and

    2)   Petitioner's motion for appointment of counsel is DENIED; and

    3)   The Court DECLINES to determine Petitioner's competence; and

    4)   The Court DECLINES to issue a certificate of appealability; and

    5)   The Clerk is DIRECTED to close the case.

IT IS SO ORDERED.

Dated: **September 21, 2012**            **/s/ Barbara A. McAuliffe**
UNITED STATES MAGISTRATE JUDGE

---

petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

Slack v. McDaniel, 529 U.S. 473, 489 (2000).

    Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.