1
2
3
4
5
6
7
8
9
10
11
12

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DALE BOERNER, | ) 1:12-cv—01192-BAM-HC |
| | ) |
|            Petitioner, | ) ORDER DISMISSING PETITION FOR |
| | ) WRIT OF HABEAS CORPUS FOR FAILURE |
| | ) TO EXHAUST STATE COURT REMEDIES |
|     v. | ) (DOC. 1) |
| | ) |
| ATTORNEY GENERAL, | ) ORDER DENYING PETITIONER'S MOTION |
| | ) FOR APPOINTMENT OF COUNSEL (DOC. |
|           Respondent. | ) 1) AND DECLINING TO DETERMINE |
| | ) PETITIONER'S COMPETENCE |
| _____ | ) |
| | ORDER DECLINING TO ISSUE A |
| | CERTIFICATE OF APPEALABILITY AND |
| | DIRECTING THE CLERK TO CLOSE THE |
| | CASE |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on September 13, 2012 (doc.

7).  Pending before the Court is the petition, which was filed on July 16, 2012.

I.   Screening and Dismissal of the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)).  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for habeas corpus should not be dismissed without

1  leave to amend unless it appears that no tenable claim for relief
2  can be pleaded were such leave granted. Jarvis v. Nelson, 440
3  F.2d 13, 14 (9th Cir. 1971).

4  II. Background

5  Petitioner challenges a conviction suffered in 2011 in the
6  Kings County Superior Court which resulted in a four-year
7  sentence.

8  In the petition, Petitioner admits that although he filed an
9  appeal in what is understood to be the Court of Appeal of the
10  State of California, Fifth Appellate District (CCA), he did not
11  seek further review by a higher state court. (Pet., doc. 1, 2.)

12  Further, a search of the official website of the California
13  Courts for any filing by Petitioner in the California Supreme
14  Court reveals no data.[1]

15  III. Exhaustion of State Court Remedies

16  A petitioner who is in state custody and wishes to challenge
17  collaterally a conviction by a petition for writ of habeas corpus
18  must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).
19  The exhaustion doctrine is based on comity to the state court and
20  gives the state court the initial opportunity to correct the
21  state's alleged constitutional deprivations. Coleman v.
22  Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509,
23  518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir.

24  ────────────────────

25  [1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, including undisputed information posted on official
26  websites. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Daniels-Hall v. National Education Association, 629 F.3d
27  992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v Martel, 601 F.3d 882, 885 (9th
28  Cir. 2010), cert. denied, 131 S.Ct. 332 (2010).
       The address of the website is www.courts.ca.gov/courts/htm.

3

1  1988).

2      A petitioner can satisfy the exhaustion requirement by

3  providing the highest state court with the necessary jurisdiction

4  a full and fair opportunity to consider each claim before

5  presenting it to the federal court, and demonstrating that no

6  state remedy remains available.  Picard v. Connor, 404 U.S. 270,

7  275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.

8  1996).  A federal court will find that the highest state court

9  was given a full and fair opportunity to hear a claim if the

10 petitioner has presented the highest state court with the claim's

11 factual and legal basis.  Duncan v. Henry, 513 U.S. 364, 365

12 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10

13 (1992), superceded by statute as stated in Williams v. Taylor,

14 529 U.S. 362 (2000) (factual basis).

15     Additionally, the petitioner must have specifically told the

16 state court that he was raising a federal constitutional claim.

17 Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669

18 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala

19 v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood,

20 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United

21 States Supreme Court reiterated the rule as follows:

22         In Picard v. Connor, 404 U.S. 270, 275...(1971),
           we said that exhaustion of state remedies requires that
23         petitioners "fairly presen[t]" federal claims to the
           state courts in order to give the State the
24         "'opportunity to pass upon and correct' alleged
           violations of the prisoners' federal rights" (some
25         internal quotation marks omitted). If state courts are
           to be given the opportunity to correct alleged violations
26         of prisoners' federal rights, they must surely be
           alerted to the fact that the prisoners are asserting
27         claims under the United States Constitution. If a
           habeas petitioner wishes to claim that an evidentiary
28         ruling at a state court trial denied him the due

                                    4

1  process of law guaranteed by the Fourteenth Amendment,
2  he must say so, not only in federal court, but in state
   court.

3  *Duncan*, 513 U.S. at 365-366.  The Ninth Circuit examined the rule

4  further in *Lyons v. Crawford*, 232 F.3d 666, 668-69 (9th Cir.

5  2000), as amended by *Lyons v. Crawford*, 247 F.3d 904, 904-05 (9th

6  Cir. 2001), stating:

7      Our rule is that a state prisoner has not "fairly
       presented" (and thus exhausted) his federal claims
8      in state court unless he specifically indicated to
       that court that those claims were based on federal law.
9      See, *Shumway v. Payne*, 223 F.3d 982, 987-88 (9th Cir.
       2000). Since the Supreme Court's decision in *Duncan*,
10     this court has held that the petitioner must make the
       federal basis of the claim explicit either by citing
11     federal law or the decisions of federal courts, even
       if the federal basis is "self-evident," *Gatlin v. Madding*,
12     189 F.3d 882, 889 (9th Cir. 1999) (citing *Anderson v.
       Harless*, 459 U.S. 4, 7... (1982)), or the underlying
13     claim would be decided under state law on the same
       considerations that would control resolution of the claim
14     on federal grounds, see, *e.g.*, *Hiivala v. Wood*, 195
       F.3d 1098, 1106-07 (9th Cir. 1999); *Johnson v. Zenon*,
15     88 F.3d 828, 830-31 (9th Cir. 1996); *Crotts*, 73 F.3d
       at 865.
16     ...
       In *Johnson*, we explained that the petitioner must alert
17     the state court to the fact that the relevant claim is a
       federal one without regard to how similar the state and
18     federal standards for reviewing the claim may be or how
       obvious the violation of federal law is.
19
20  *Lyons v. Crawford*, 232 F.3d 666, 668-69 (9th Cir. 2000), as

21  amended by *Lyons v. Crawford*, 247 F.3d 904, 904-05 (9th Cir.

22  2001).

23      Where none of a petitioner's claims has been presented to

24  the highest state court as required by the exhaustion doctrine,

25  the Court must dismiss the petition.  *Raspberry v. Garcia*, 448

26  F.3d 1150, 1154 (9th Cir. 2006); *Jiminez v. Rice*, 276 F.3d 478,

27  481 (9th Cir. 2001).  The authority of a court to hold a mixed

28  petition in abeyance pending exhaustion of the unexhausted claims

1  has not been extended to petitions that contain no exhausted

2  claims.  Raspberry, 448 F.3d at 1154.

3      Although non-exhaustion of remedies has been viewed as an

4  affirmative defense, it is the petitioner's burden to prove that

5  state judicial remedies were properly exhausted.  28 U.S.C.

6  § 2254(b)(1)(A); Darr v. Burford, 339 U.S. 200, 218-19 (1950),

7  overruled in part on other grounds in Fay v. Noia, 372 U.S. 391

8  (1963); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

9  If available state court remedies have not been exhausted as to

10  all claims, a district court must dismiss a petition.  Rose v.

11  Lundy, 455 U.S. 509, 515-16 (1982).

12      Here, Petitioner admits that he did not exhaust state court

13  remedies because he did not seek review of the CCA's affirmance

14  of the judgment on appeal.  A search of the official website of

15  the California Supreme Court reflects no information that would

16  tend to show that Petitioner presented his claims to the

17  California Supreme Court.

18      Therefore, it is concluded that Petitioner failed to meet

19  his burden to establish exhaustion of state court remedies.

20      Because both Petitioner's admission and the state court's

21  docket show that Petitioner failed to exhaust state court

22  remedies, Petitioner could not remedy this defect even if leave

23  to amend were granted.  Thus, the Court will dismiss the petition

24  without leave to amend.

25      Accordingly, the petition will be dismissed without

26  prejudice for failure to exhaust state court remedies.

27      IV.  Motion for Appointment of Counsel

28      Petitioner appears to request the appointment of counsel in

6

1   this proceeding.  (Pet., doc. 1, 5.)

2       There currently exists no absolute right to the appointment

3   of counsel in non-capital, federal habeas corpus proceedings.

4   McFarland v. Scott, 512 U.S. 849, 857 n.3 (1994); Miranda v.

5   Castro, 292 F.3d 1063, 1067 (9th Cir. 2002); Anderson v. Heinze,

6   258 F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958).

7   The Sixth Amendment right to counsel does not apply in habeas

8   corpus actions, which are civil in nature.  Chaney v. Lewis, 801

9   F.2d 1191, 1196 (9th Cir. 1986); Anderson, 258 F.2d at 481.

10      However, a Magistrate Judge may appoint counsel at any stage

11  of a habeas corpus proceeding if the interests of justice require

12  it.  18 U.S.C. § 3006A; Habeas Rule 8(c).  A district court

13  evaluates the likelihood of a petitioner's success on the merits

14  and the ability of a petitioner to articulate his claims pro se

15  in light of the complexity of the of the legal issues involved.

16  Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

17      A district court abuses its discretion in denying an

18  indigent's request for appointed counsel pursuant to 18 U.S.C.

19  § 3006A(g) if appointment of counsel is necessary to prevent due

20  process violations, such as when the case is so complex that due

21  process violations will occur absent the presence of counsel.

22  Bonin v. Vasquez, 999 F.2d 425, 428 (9th Cir. 1993) (citing

23  Chaney, 801 F.2d at 1196).

24      Here, Petitioner has failed to exhaust his state court

25  remedies.  Thus, the petition must be dismissed.  Therefore, the

26  issues of the likelihood of success on the merits of the case and

27  the nature and complexity of the case are essentially moot.

28  Therefore, Petitioner has not demonstrated that the complexity of

the case is such that absent counsel, Petitioner will suffer a
denial of due process.

Further, Petitioner's conclusional allegations of
incompetence, which are discussed below, do not support a
conclusion that a failure to appoint counsel would result in a
violation of due process of law.

Accordingly, the Court will deny Petitioner's motion for the
appointment of counsel.

V.  Allegations of Incompetence

Petitioner alleges that the conviction and some aspects of
his failure to exhaust state court remedies were a result of his
mental illness.  (Pet. 3, 8, 12.)  Petitioner alleges that at
some point in the criminal proceedings, he entered a plea of
guilty by reason of insanity; however, he ultimately entered a
plea of no contest.  (Id. at 2.)  One doctor "of the courts" said
his mental illness played a major role; a second court-appointed
doctor was also in his favor.  (Id. at 2, 8.)  He further alleges
that three professional doctors said in medical reports that his
mental illness played a role in an incident with Sergeant
"deathridge," who handled the situation unprofessionally by
throwing Petitioner hard on the pavement over asking for his
medications in a crisis or emergency.  (Id. at 7, 9, 12.)
Although Petitioner does not identify his commitment offense on
the petition form, it appears that his offense was battery on a
peace officer that was connected with a request that Petitioner
made concerning medications.  (Id. at 8-9, 11.)  "A lot" of
"shrinks doctors" recommended psychiatric treatment, which he has
needed since 2010 but has not received at prison.  (Id. at 10,

8

13.)  Petitioner alleges that he has a history of mental illness that extended his entire life, and he is mentally incompetent and mentally ill.  (Id. at 4, 11-12.)

With respect to Petitioner's competence to proceed as a party to this lawsuit, as a party proceeding pro se in a civil lawsuit, including a habeas corpus proceeding, Petitioner is entitled to a competence determination when substantial evidence of incompetence is presented.  Fed. R. Civ. P. 17(c); Rule 11 of the Rules Governing Habeas Corpus Cases in the United States District Courts; Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005).  When allegations constituting substantial evidence of incompetence are presented and are not rebutted, a district court is required to treat them as true in deciding whether to dismiss the petition.  Allen v. Calderon, 408 F.3d at 1153.  In Allen, the court noted that the petitioner had submitted evidence sufficient to support a finding that he suffered from a mental illness, the mental illness prevented him from being able to understand and respond to the court's order, and he was still suffering from the illness during the relevant time period.  Thus, there was sufficient evidence of incompetence at least to require the district court to make a competency determination before dismissing the case for lack of prosecution.

However, showing a history of serious mental illness is not enough by itself to constitute substantial evidence of incompetence requiring a court to conduct a competency hearing on that issue.  See, Travalini v. People of California, 2006 WL 842435, at *3 (E.D.Cal. March 28, 2006).

Here, Petitioner has not presented substantial evidence of

incompetence.  Petitioner has alleged conclusions that he is
mentally ill and incompetent.  Although Petitioner alleges that
mental illness played a role in his offense, Petitioner has not
presented any facts concerning the nature and extent of his
symptoms, the presence or absence of a diagnosis, or the receipt
of any medication or other treatment.  Petitioner has alleged
incompetence, but he has not presented evidence of incompetence.

Accordingly, the Court concludes that Petitioner is not
entitled to a competence determination.

VI.  <u>Certificate of Appealability</u>

Unless a circuit justice or judge issues a certificate of
appealability, an appeal may not be taken to the Court of Appeals
from the final order in a habeas proceeding in which the
detention complained of arises out of process issued by a state
court.  28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537
U.S. 322, 336 (2003).  A certificate of appealability may issue
only if the applicant makes a substantial showing of the denial
of a constitutional right.  § 2253(c)(2).  Under this standard, a
petitioner must show that reasonable jurists could debate whether
the petition should have been resolved in a different manner or
that the issues presented were adequate to deserve encouragement
to proceed further.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 336
(quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  A
certificate should issue if the Petitioner shows that jurists of
reason would find it debatable whether the petition states a
valid claim of the denial of a constitutional right and that
jurists of reason would find it debatable whether the district
court was correct in any procedural ruling.  <u>Slack v. McDaniel</u>,

1  529 U.S. 473, 483-84 (2000).

2       In determining this issue, a court conducts an overview of

3  the claims in the habeas petition, generally assesses their

4  merits, and determines whether the resolution was debatable among

5  jurists of reason or wrong.  Id.  It is necessary for an

6  applicant to show more than an absence of frivolity or the

7  existence of mere good faith; however, it is not necessary for an

8  applicant to show that the appeal will succeed.  Miller-El v.

9  Cockrell, 537 U.S. at 338.

10      A district court must issue or deny a certificate of

11 appealability when it enters a final order adverse to the

12 applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

13      Here, it does not appear that reasonable jurists could

14 debate whether the petition should have been resolved in a

15 different manner.  Petitioner has not made a substantial showing

16 of the denial of a constitutional right.

17      Accordingly, the Court will decline to issue a certificate

18 of appealability.

19      VII.  Disposition

20      Accordingly, it is ORDERED that:

21      1)  The petition for writ of habeas corpus is DISMISSED

22 without prejudice[2] for Petitioner's failure to exhaust state

23

24        [2] A dismissal for failure to exhaust is not a dismissal on the merits,
and Petitioner will not be barred from returning to federal court after
Petitioner exhausts available state remedies by the prohibition on filing
25 second habeas petitions set forth in 28 U.S.C. § 2244(b).  See, In re Turner,
101 F.3d 1323 (9th Cir. 1996).  However, the Supreme Court has held as
26 follows:

27        [I]n the habeas corpus context it would be appropriate for an
       order dismissing a mixed petition to instruct an applicant that
       upon his return to federal court he is to bring only exhausted
28     claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the

1 court remedies; and

2     2)   Petitioner's motion for appointment of counsel is

3 DENIED; and

4     3)   The Court DECLINES to determine Petitioner's competence;

5 and

6     4)   The Court DECLINES to issue a certificate of

7 appealability; and

8     5)   The Clerk is DIRECTED to close the case.

9     IT IS SO ORDERED.

10 **Dated:**   **September 21, 2012**          **/s/ Barbara A. McAuliffe**
                      UNITED STATES MAGISTRATE JUDGE

11

12

...

23 ─────────────

24 petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

26 Slack v. McDaniel, 529 U.S. 473, 489 (2000).

28 Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.